## BOARD OF COUNTY COM'RS OF SUMMIT CO. V. PEOPLE EX REL. HURLBUT.

A county, under a statute authorizing the funding of its floating indebtedness, by an election conducted in substantial conformity to the statute, voted to issue bonds as a means of funding such indebtedness. *Held,* that the plaintiff, a holder of county warrants constituting a part of such floating debt, was entitled, upon tendering his warrants, and refusal on the part of the county commissioners to issue to him bonds to the amount of such warrants, to a *mandamus* to compel them to do so.

*Appeal from an order of the judge of the District Court of the Fifth Judicial District, awarding a peremptory writ of mandamus.*

Mr. J. H. RICHARDS, for appellant.

Mr. H. M. ORAHOOD, for appellee.

BECK, C. J.   The application for the peremptory writ of *mandamus* was submitted to the judge of the court below upon the petition of Hiram E. Hurlbut, the party in interest, and upon an agreed statement of facts signed by the counsel representing the respective parties to the controversy.   The petition alleges that said Hurlbut was, at the time of presenting his said petition, and had been for two years immediately preceding, the legal owner and holder of more than $5,000 of the floating indebtedness of said Summit county, which was evidenced by the orders or warrants of said county duly issued and duly registered as by law required; that said warrants had been presented for payment, and payment refused for want of funds; that he has also offered to surrender

said warrants to the board of county commissioners of said county, and demanded of said board and of its chairman the bonds of said county in exchange therefor, but that said board of county commissioners, and the chairman thereof, have refused to issue to him bonds in lieu of said county warrants. Other allegations of fact necessary to confer jurisdiction are contained in the agreed statement of facts, which by reference is made part of the petition. Said agreed statement likewise recognizes, as part and parcel of the case presented for the judgment of the court, the facts alleged in the petition proper.

It is thus alleged that, for many years prior to the presentation of the petition for the peremptory writ of *mandamus*, the floating debt of said county has exceeded the sum of $10,000, and that this floating debt is "evidenced by county orders or warrants regularly and duly issued and presented for payment to the treasurer of said county, and not paid for want of funds, and were duly registered as by law required;" that proceedings for the funding of said floating indebtedness, under the provisions of the statute authorizing the funding thereof, and the issue of county bonds to the holders of such outstanding county warrants, were regularly and legally instituted prior to the last general election held in said county. All the various steps necessary to the submission of the question of funding said county indebtedness to the legal voters of said county qualified by law to vote thereon are set out in detail, and show a substantial compliance with all the provisions of the statute. It further appears that said question was duly submitted to such qualified electors at the general election held in said county November 2, 1886, and that a majority of the votes cast thereon was in favor of the funding of said indebtedness. It is stipulated and agreed by the respective parties that the law relating to the funding of said county indebtedness was fully complied with in everything pertaining thereto, except it may have been an

irregularity mentioned which occurred in two precincts, which precincts together cast not to exceed sixteen votes on this question, and which votes in no manner affected the result of said election.

We are of opinion that the facts thus presented show a substantial compliance with all the requirements of the statute in the holding and conducting of said election upon this question, and in the submission of said question to the electors qualified to vote thereon. The result of said election being in favor of funding the county indebtedness by the issuing of county bonds in exchange for the outstanding warrants of said county in manner specified in the statute, we are also of opinion that the county commissioners are authorized, and that it is their duty, to proceed and carry out the provisions of the statute. If, then, the relator is the owner and holder of valid county warrants covered by and included within the funding proceedings, he is clearly entitled to the relief sought. Upon this point we must assume, from the conceded facts appearing in the record before us, that the orders or warrants of said county held by the relator, and which he has offered to surrender in exchange for county bonds in accordance with the provisions of the statute, are valid warrants, and in all respects come within the class covered by the funding proceedings. Upon this proof of their validity, and other prerequisites, we base our judgment that the relator is entitled by law, on presenting said warrants to the county commissioners of said Summit county, to have county bonds issued to him therefor as prayed for in his said petition.

The action of the district judge, therefore, in ordering a peremptory writ of *mandamus* to issue to said county commissioners, is affirmed.

*Affirmed.*